# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| MICHELE VIGIL | ) |
| | ) |
| | ) |
| VS. | ) Civil Action No. _____ |
| | ) |
| | ) |
| SERVICE SOURCE DELAWARE, INC. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Michele Vigil ("Plaintiff" or "Vigil"), by and through her undersigned counsel, Jackson Law, PLLC, as and for her Complaint in this action against Defendant Service Source Delaware, Inc. ("Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Vigil was hired as a Sales Team Leader in March of 2012 and ascended to Team Leader in the later summer months of 2012. She was assigned to a failing account that was underperforming. Due to the account's deficiencies, the team was split into two. She was assigned as the Team Leader to half of the employees. In late October/early November of 2012, Mrs. Vigil discovered she was pregnant with her and her husband's second child. Mrs. Vigil began to investigate the extent of her maternity leave under the Family Medical Leave Act. In early January 2013, Mrs. Vigil informed the Human Resource Department in the Nashville office of her pregnancy and anticipated leave. In February of 2013, Mrs. Vigil was confronted and informed that the office was restructuring and she would no longer be assigned to Team Leader of her account. She was given the choice of termination of her employment with a severance package or

1

reinterviewing for lesser positions. Mrs. Vigil sought more information as to the reorganization but was denied. After failing to select one of the given alternatives, Mrs. Vigil's employment at ServiceSource was terminated on February 28, 2013.

2. Plaintiff brings this action for declaratory, injunctive and equitable relief, as well as monetary damages, to remedy Defendant's unlawful discharge and retaliation against Plaintiff, including Defendant's unlawful discrimination, harassment and retaliation against Plaintiff because of her sex and her pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"); the Pregnancy Discrimination Act of 1978, as amended, 42 U.S.C. Chapter 21 § 701(k) ("PDA"); the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-408. Plaintiff also brings this action to remedy Defendant's violations of the Family and Medical Leave Act, 29 U.S.C. § 2601.

3. Defendant's conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, permanent harm to her professional and personal reputation, and severe mental anguish and emotional distress.

## **JURISDICTION AND VENUE**

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII, Section 2000e and the PDA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

5. The Court has jurisdiction over the FMLA claim pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred within the Middle District of Tennessee.

## PARTIES

6. Plaintiff Michele Vigil is an adult citizen was employed at Service Source from March of 2012 to February of 2013. At all relevant times, Mrs. Vigil met the definition of an "employee" under within the meaning of 42 U.S.C. § 2000e(f) and all applicable statutes.

7. Defendant is a corporation authorized to conduct business in the State of Tennessee with its principle executive office located at 634 2nd St., San Francisco, CA 94107. At all relevant times, Defendant met the definition of an "employer" within the meaning of 42 U.S.C. § 2000e(b) and all applicable statutes. Its registered agent for service of process is CORPORATION SERVICE COMPANY, 2908 POSTON AVE, NASHVILLE, TN 37203-1312.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On or about October 25, 2013, Plaintiff filed a charge (the "EEOC charge") with the Equal Employment Opportunity Commission (the "EEOC") charging Defendant with unlawful discriminatory employment practices because of sex and pregnancy.

10. On August 6, 2014, the Equal Employment Opportunity Commission issued Plaintiff a dismissal and notice of rights to bring suit in federal district court based on the allegations set forth in the EEOC Charge finding that the EEOC was unable to conclude that the information obtained established violations of the statute. (A true and correct copy of this Notice of Right To Sue Letter is attached hereto as Exhibit A and is incorporated herein by reference)

11. This action has been filed within 90 days of Plaintiff's receipt of her right-to-sue letter from the EEOC.

12. Any and all other prerequisites to the filing of this suit have been met.

## **FACTUAL ALLEGATIONS**

13. Mrs. Vigil was hired as a Sales Team Leader by Service Source in March of 2012 on its Ariba account.

14. In June of 2012, Ms. Vigil was transferred to the lagging and underperforming SAP account.

15. Due to the account's deficiencies, the team was split into two and Mr. Alistair Miller, who was the original Team Leader of the whole, was assigned as co-Team Leader with Mrs. Vigil.

16. At the time of the reassignment, the account in question was severely underperforming.

17. Both Ms. Vigil and Mr. Miller reported to Mr. Cody Green, who held the position of Account Manager.

18. At the time of the reassignment, the account in question was severely underperforming and Mr. Green, who was ultimately responsible for the account, was in danger of receiving an institutional review, called a Performance Improvement Plan (PIP).

19. PIPs are administered by the Service Source leadership in response to underperforming or poorly performing employees are essentially performance evaluations conducted at the behest of leadership where improvements are implemented and action plans are established for those subject to the review.

20. PIPs are documented by both administration and the subject party and filed with Human Resources. Moreover, PIPs are the <u>only</u> written, institutional evaluation used by Service Source to document performance of its employees.

21. The account began to reverse its performance and meet its forecasted expectations. In fact, by the end of December 2012, the account had doubled and had become a significant asset to Service Source.

22. Mrs. Vigil received each performance salary bonus, an indicator that her performance was in accordance with Service Source's expectations.

23. In late October/early November of 2012, Mrs. Vigil discovered that she was pregnant with her second child and began to investigate the extent maternity leave under the Family Medical Leave Act and the benefits package provided by Service Source.

24. In January of 2013, Mrs. Vigil contacted Service Source's corporate Benefits Program Manager, Ms. Brooke Johnson, and Ms. Nora Hunt, a representative of The Larkin Group, which administers leave for Service Source's employees.

25. She further informed the hierarchal structure in the Nashville office of her pregnancy and anticipated leave.

26. In February of 2013, Mrs. Vigil was confronted by Mr. Dave Percey, a Director for the Nashville location. Mr. Percey's quarrel was a steeped in a personal situation where he perceived that she had overstepped her bounds in mentoring and consoling a member of his team.

27. Mrs. Vigil was extremely uncomfortable with his tone and felt the need to contact both her immediate supervisor, Mr. Cody Green, and Ms. Michelle Gillmore, the Human Resource Director.

28. Later that month, Ms. Gillmore and Mr. Michael Poe, Vice President of the Nashville location, requested a meeting with Mrs. Vigil.

29. In that meeting, she was informed that the office was restructuring, she would no longer be assigned to Team Leader of her account and that the Directors had ranked the Team Leads and Mrs. Vigil had received a poor ranking.

30. As such, she had the choice of termination of her employment with a severance package or could reinterview for a list of new positions that were a demotion in both salary and rank. Mr. Alistair Miller, however, who had been her co-Team Leader retained his position and his salary.

31. Mrs. Vigil requested more information on the Directors' evaluation as she had never received a performance evaluation while an employee at Service Source. She had never been administered a PIP nor was provided notice that a Directors' evaluation was imminent.

32. During the meeting with Ms. Gillmore and Mr. Poe, Mrs. Vigil requested a copy of the rankings and the specific criteria upon which each person was evaluated.

33. Ms. Gillmore stated that information would be forthcoming in the coming days. After a few days, after not receiving the requested information, Mrs. Vigil made additional inquiries but was rebuffed, stating that the rankings reflected information pertaining to other employees. Therefore, she was unable to disseminate the information.

34. Mrs. Vigil requested that her information be severed from the others and was told that was not possible. When she requested a general description of the categories for which she was judged, she was also denied.

35. After failing to select one of the given alternatives, Mrs. Vigil's employment at Service Source was terminated on February 28, 2013.

## **FIRST CAUSE OF ACTION**
## **Title VII of the Civil Rights Act of 1964**

36. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 35, inclusive, as if fully set forth herein.

37. Defendant has discriminated against Plaintiff on the basis of her sex in violation of Title VII of the Civil Rights Act by denying her the same terms and conditions of employment available to employees who are women, including but not limited to, unlawfully discharging her.

38. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer irreparable injury, emotional distress, and other damages for which she is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION
## Pregnancy Discrimination Act of 1978

39. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 38, inclusive, as if fully set forth herein.

40. Defendant has discriminated against Plaintiff on the basis of her pregnancy in violation of the Pregnancy Discrimination Act by unlawfully terminating her from her employment due to her pregnancy.

41. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer irreparable injury, emotional distress, and other damages for which she is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION
## Tennessee Human Rights Act

42. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43. Defendant has discriminated against Plaintiff on the basis of her sex and pregnancy in violation of the Tennessee Human Rights Act by unlawfully terminating her from her employment due to her sex and pregnancy.

44. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer irreparable injury, emotional distress, and other damages for which she is entitled to an award of monetary damages and other relief.

## FOURTH CAUSE OF ACTION
## Family and Medical Leave Act

45. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 44, inclusive, as if fully set forth herein.

46. By the acts and practices described herein, Defendant interfered with, restrained, denied Plaintiff, and retaliated against her for exercising her rights under FMLA in violation of the FMLA, 29 U.S.C. §§ 2612(a), 2614(a)(1), and 2615(a)(1).

47. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer irreparable injury, emotional distress, and other damages for which she is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

A.  A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of Tennessee;

B.  An injunction and order permanently restraining these violations of Title VII, the PDA, the Tennessee Human Rights Act, and FMLA;

C.  An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment and otherwise unlawful conduct, and making her whole for all earnings and other benefits she would have received but for defendant's discriminatory and retaliatory treatment, including but not limited to wages, pension, and other lost benefits;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

F. An award of damages in an amount to be determined at trial to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: November 4, 2014

Respectfully submitted,

**JACKSON LAW, PLLC**

/s/: Anton L. Jackson
Anton L. Jackson (# 026394)
114 30th Avenue South
Nashville, TN 37212
(615) 840-8253
fax: (615) 982-8512
anton@jacksonlawtn.com


## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing has been served on the following Defendant via US Mail email through its registered agent, CORPORATION SERVICE COMPANY, 2908 POSTON AVE, NASHVILLE, TN 37203-1312, on this the 4th day of November, 2014.

/s/: Anton L. Jackson